2008 UT App 426

**DEPARTMENT OF TRANSPORTATION,**
Plaintiff and Appellee,

v.

**ADMIRAL BEVERAGE CORPORATION,**
Defendant and Appellant.

No. 20080027–CA.

Court of Appeals of Utah.

Nov. 28, 2008.

David Jason Hawkins and Reed L. Martineau, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Brent A. Burnett, asst. atty. gen., Salt Lake City, for Appellee.

Before Judges BENCH, DAVIS, and ORME.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 In this interlocutory appeal, Admiral Beverage Corporation challenges the trial court's granting of three motions in limine. The thrust of these rulings was to preclude Admiral from showing, as evidence of its severance damages, that the value of its remaining property had been diminished due to the loss of view and visibility caused by the reconstruction of Interstate 15, in connection with which some of its property had been taken. When, as here, motions in limine are based on a court's legal conclusions, we review the decision for correctness. *See Utah Dep't of Transp. v. Ivers*, 2005 UT App 519, ¶ 9, 128 P.3d 74, *aff'd in part and remanded*, 2007 UT 19, 154 P.3d 802.

¶ 2 Admiral owns two adjacent lots west of I–15 in Salt Lake County. The property does not actually abut I–15 but rather abuts the west side of 500 West, a surface street that acts as a frontage road in the area. In other words, 500 West runs between Admi-

ral's property and I–15. As indicated, UDOT had condemned a portion of Admiral's property as part of the massive I–15 reconstruction project, although the property taken was used to widen 500 West, which the remaining property abuts, rather than I–15, which it does not.

█ ¶ 3 Admiral relies too heavily on *Ivers v. Utah Department of Transportation,* 2007 UT 19, 154 P.3d 802, for its contention that severance damages for loss of view are warranted in this case. *See id.* ¶ 26. While *Ivers* indicated that severance damages may have been appropriate in that case, pending resolution of a factual issue, *see id.,* the case included an important fact that is not present here—the landowner's property in *Ivers* abutted the state road whose reconstruction was alleged to have caused the loss of view. *See id.* ¶¶ 2–4. And from our review of Utah case law, it seems clear that the settled rule is that the landowner's remaining property must actually abut the property with the view-impairing structure.[1] *See Utah State Rd. Comm'n v. Miya,* 526 P.2d 926, 928 (Utah 1974) ("The rights of access, light, and air are easements appurtenant to the land of an abutting owner on a street; they constitute property rights forming part of the owner's estate."). *Accord Ivers,* 2007 UT 19, ¶ 13, 154 P.3d 802 (quoting *Miya* for the same point); *State v. Harvey Real Estate,* 2002 UT 107, ¶ 13, 57 P.3d 1088 (quoting *Miya* for the same point and stating that "in order to recover for such a taking, an owner must show that 'the structure violates some right appurtenant to the abutting property or otherwise inflicts some special and peculiar injury' ") (citation omitted). Admiral's re-

maining property does not abut I–15, the elevation of which impedes the view from Admiral's property; rather, it abuts 500 West.

█ ¶ 4 We acknowledge that application of the abutment rule in this case may seem harsh, given that Admiral's proximity to the now-elevated I–15 is very close and that its property abuts land taken for the overall project. Still, the ease of application and the predictability engendered by a bright-line rule are of such obvious benefit in this area of the law that if the abutment rule is to be moderated, it must come at the direction of our Supreme Court rather than of this court.

¶ 5 Affirmed.[2]

¶ 6 I CONCUR: JAMES Z. DAVIS, Judge.

¶ 7 I CONCUR IN THE RESULT: RUSSELL W. BENCH, Judge.

---

1. We note that *Ivers v. Utah Department of Transportation,* 2007 UT 19, 154 P.3d 802, dealt with a different issue in its analysis of whether severance damages were appropriate for loss of view, i.e., whether a landowner is entitled to severance damages when the view impairing structure is not built on the condemned portion of the land, *see id.* ¶ 1, and held:

 With respect to lost view, severance damages are appropriate under Utah Code section 78–34–10 where a portion of property is condemned by the state and the condemnation of that land *causes* damage to the noncondemned portion of land. Damage to the noncondemned portion of land is "caused" by the severance in two situations: (1) when the view-

impairing structure is built on the condemned land, or (2) when the view-impairing structure is built on land other than the condemned land, but the condemned land is used as part of a single project and that use is *essential* to completion of the project.

 *Id.* ¶ 26 (emphasis in original). We do not, however, interpret *Ivers* as eliminating the abutment rule.

2. Insofar as Admiral still seeks to admit evidence addressing the reduced visibility of its property to motorists traveling the nearby highways, its argument is definitively foreclosed by *Ivers.* *See* 2007 UT 19, ¶¶ 12–15, 154 P.3d 802.